[If you need additional space for ANY section, please attach an additional sheet and reference that section]

FILED

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

JUL 2 3 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PETER O. OBAZUAYE

           )
           )
           )
Plaintiff(s),    )
           )
v.         )
ILLINOIS DEPARTMENT )
OF HUMAN SERVICES )
           )
Defendant(s).    )

Case **1:19-cv-04933**
**Judge Ruben Castillo**
**Magistrate Judge Jeffrey T. Gilbert**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _PETER O. OBAZUAYE_ of the county of _COOK_ in the state of _ILLINOIS_.

3. The defendant is _ILLINOIS Dept. OF HUMAN SERVICES_ whose street address is _1151 SOUTH WOOD STREET_
(city) _CHICAGO_ (county) _COOK_ (state) _ILLINOIS_ (ZIP) _60612_
(Defendant's telephone number) _(312) - 366 - 3520_

4. The plaintiff sought employment or was employed by the defendant at (street address)
_1151 SOUTH WOOD STREET_ (city) _CHICAGO_
(county) _COOK_ (state) _IL_ (ZIP code) _60612_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☒ was hired and is still employed by the defendant.

    (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) JANUARY, (day) 02 , (year) 2016 .

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has* ☐*has not* filed a charge or charges against the defendant

    asserting the acts of discrimination indicated in this complaint with any of the

    following government agencies:

        (i) ☒ the United States Equal Employment Opportunity Commission, on or about

        (month) May (day) 06 (year) 2019 .

        (ii) ☐ the Illinois Department of Human Rights, on or about

        (month)_____ (day)_____ (year)_____ .

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is

    attached. ☒ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

    ☐ Yes (month)_____ (day)_____ (year)_____

    ☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month) _May_____

    (day) _14_ (year) _2019_ .

(c)    Attached is a copy of the

    (i) Complaint of Employment Discrimination,

      ☑ Yes   ☐ No, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

      ☑ Yes   ☐ N0, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐    the United States Equal Employment Opportunity Commission has not

        issued a *Notice of Right to Sue.*

    (b) ☒  the United States Equal Employment Opportunity Commission has issued

        a *Notice of Right to Sue*, which was received by the plaintiff on

        (month) _May___ (day) _14_ (year) _2019_ a copy of which

        *Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only*

    *those that apply*]:

    (a) ☐ Age (Age Discrimination Employment Act).

    (b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☒ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the ADA by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791; and for the ADEA, 29 U.S.C. § 626(c).

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☒ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☒ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☒ other (specify): __Lay off to another facility__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows: (see attached)

U.S. EEOC Notice of right to sue
Statement of Claim
Finding and decision of the Commission
Proposal decision of the Commission
Petitioner's Amended Complaint and Prima
facia Case of Retaliation and discrimination

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) ☐ Direct the defendant to hire the plaintiff.

(b) ☐ Direct the defendant to re-employ the plaintiff.

(c) ☒ Direct the defendant to promote the plaintiff.

(d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☐ Direct the defendant to (specify): Monetary compensation
for lost wages, Physical, mental and
emotional abuse from Retaliation, Pain & suffering

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g)   ☑   If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h)   ☑   Grant such other relief as the Court may find appropriate.

P. Obazuaye
(Plaintiff's signature)

Peter O. Obazuaye
(Plaintiff's name)

1433 VICTORIA AVE.
(Plaintiff's street address)

(City) BERKELEY (State) IL (ZIP) 60163

(Plaintiff's telephone number) 708 - 620 - 9870

Date: 7/16/19

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Peter O. Obazuaye**<br>**1433 Victoria Avenue**<br>**Berkeley, IL 60163** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

| | |
|---|---|
| [ ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2019-02800** | **Sergio Maldonado,**<br>**Investigator** | **(312) 869-8129** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*    5/14/19

Enclosures(s)

**Julianne Bowman,**
**District Director**

*(Date Mailed)*

cc:    **ILLINOIS DEPARTMENT OF HUMAN RIGHTS**
**c/o Ganapathi Ramaswamy**
**Deputy General Counsel**
**401 S. Clinton, 6th Floor**
**Chicago, IL 60602**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2019-02800 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Peter O Obazuaye | **(708) 620-8970** | 1966 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1433 Victoria Avenue, BERKELEY, IL 60163 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| STATE OF ILLINOIS, DEPARTMENT OF HUMAN SERVICES, | **501+** | **(312) 655-3520** |

| Street Address | City, State and ZIP Code |
|---|---|
| 1151 south wood street, chicago, CHICAGO, IL 60612 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **07-10-2018**  Latest **05-06-2019**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about February 16, 2006. My current position is Registered Nurse II. During my employment, I was denied a promotion. On or about March 3, 2017, I filed a charge of discrimination (IDHR# 21B-2017-00976). Subsequently, Respondent failed to notify me of upcoming layoffs with sufficient time that would have allowed me to apply for two promotions. As a result, I was transferred to Respondents location in Elgin.

I believe I am being discriminated against in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Peter Obazuaye on 05-06-2019 03:15 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# FILING SUIT IN COURT OF COMPETENT JURISDICTION

### PRIVATE SUIT RIGHTS

The issuance of this *Notice of Right to Sue* or *Dismissal and Notice of Rights* ends the EEOC process with respect to your Charge. You may file a lawsuit against the Respondent within 90 days from the date you receive this Notice. Therefore, you should keep a record of the date. Once the 90 day period is over, your right to sue is lost. If you intend to consult an attorney, you should do so as soon as possible. Furthermore, in order to avoid any question that you did not act in a timely manner, if you intend to sue on your own behalf, your suit should be filed well in advance of the expiration of the 90 day period.

You may file your lawsuit in a court of competent jurisdiction. Filing this Notice is not sufficient. A court complaint must contain a short Statement of the facts of your case which shows that you are entitled to relief. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the Respondent has its main office.

You may contact the EEOC if you have any questions about your rights, including advice on which court can hear your case, or if you need to inspect and copy information contained in the case file.

**IF THE FIRST THREE CHARACTERS OF YOUR <u>EEOC CHARGE NUMBER</u> ARE "21B" <u>AND</u> YOUR CHARGE WAS INVESTIGATED BY THE ILLINOIS DEPARTMENT OF HUMAN RIGHTS (IDHR), REQUEST FOR REVIEWING AND COPYING DOCUMENTS FROM YOUR FILE <u>MUST</u> BE DIRECTED TO IDHR.**

A lawsuit against a private employer is generally filed in the U.S. District Court.

A lawsuit under Title VII of the Civil Rights Act of 1964, as amended, against a State agency or a political subdivision of the State is also generally filed in the U.S. District Court.

However, a lawsuit under the Age Discrimination in Employment of the American with Disabilities Act or, probably, the Equal Pay Act against a State instrumentality (an agency directly funded and controlled by the State) can only be filed in a State court.

A lawsuit under the Age Discrimination in Employment Act or the American with Disabilities Act or the Equal Pay Act against a political subdivision of a State, such as municipalities and counties, may be filed in the U.S. District Court.

For a list of the U.S. District Courts, please see the reverse side.

### ATTORNEY REPRESENTATION

If you cannot afford an attorney, or have been unable to obtain an attorney to represent you, the court having jurisdiction in your case may assist you in obtaining a lawyer. If you plan to ask the court to help you obtain a lawyer, you must make this request of the court in the form and manner it requires. Your request to the court should be made well in advance of the 90 day period mentioned above. A request for representation does not relieve you of the obligation to file a lawsuit within the 90-day period.

### DESTRUCTION OF FILE

If you file suit, you or your attorney should forward a copy of your court complaint to this office. Your file will then be preserved. Unless you have notified us that you have filed suit, your Charge file could be destroyed as early as six months after the date of the Notice of Right to Sue.

**IF YOU FILE SUIT, YOU OR YOUR ATTORNEY SHOULD NOTIFY THIS OFFICE WHEN THE LAWSUIT IS RESOLVED.**

# INFORMATION ON WHERE TO FILE SUIT

You have been notified of your right to sue in Federal District Court. Suit is ordinarily filed in the District having jurisdiction of the county in which the employer, against whom you filed a Charge of employment discrimination, is located. The telephone number listed for each District is that of the Clerk of the Court.

| U.S. DISTRICT COURT<br>Northern District of Illinois<br>**Eastern Division at Chicago**<br>219 South Dearborn Street<br>Chicago, IL 60604<br>312-435-5670 | | U.S. DISTRICT COURT<br>Central District of Illinois<br>**Urbana Division**<br>201 South Vine<br>Urbana, IL 61801<br>217-373-5830 | |
|---|---|---|---|
| **Counties** | | **Counties** | |
| Cook | Kendall | Champaign | Kankakee |
| DuPage | Lake | Coles | Macon |
| Grundy | LaSalle | Douglas | Moultrie |
| Kane | Will | Edgar | Piatt |
| | | Ford | Vermillion |
| | | Iroquois | |
| U.S. DISTRICT COURT<br>Northern District of Illinois<br>**Western Division at Rockford**<br>211 South Court Street<br>Federal Building<br>Rockford, IL 61101<br>815-987-4355 | | **Peoria Division**<br><br>100 N.E. Monroe Street<br>135 Federal Building<br>Peoria, IL 61602<br>309-671-7117 | |
| **Counties** | | **Counties** | |
| Boone | McHenry | Bureau | McLean |
| Carroll | Ogle | Fulton | Peoria |
| DeKalb | Stephenson | Hancock | Putnam |
| JoDaviess | Whiteside | Knox | Stark |
| Lee | Winnebago | Livingston | Tazewell |
| | | Marshall | Woodford |
| | | McDonough | |
| U.S. DISTRICT COURT<br>Southern District of Illinois<br>750 Missouri Avenue<br>East St. Louis, IL 62201<br>618-482-0671<br><br>      *and*<br><br>301 Main Street<br>Benton, IL 62812<br>618-438-0671 | | **Rock Island Division**<br>211 19th Street<br>Rock Island, IL 61201<br>309-793-5778 | |
| **Counties** | | **Counties** | |
| Alexander | Johnson | Henderson | Rock Island |
| Bond | Lawrence | Henry | Warren |
| Calhoun | Madison | Mercer | |
| Clark | Marion | **Springfield Division** | |
| Clinton | Monroe | 600 East Monroe Street | |
| Crawford | Perry | Springfield, IL 62701 | |
| Cumberland | Pope | 217-492-4020 | |
| Edwards | Pulaski | | |
| Effingham | Randolph | **Counties** | |
| Fayette | Richland | Adams | Logan |
| Franklin | St. Clair | Brown | Macoupin |
| Gallatin | Saline | Cass | Mason |
| Hamilton | Union | Christian | Menard |
| Hardin | Wabash | DeWitt | Montgomery |
| Jackson | Washington | Green | Morgan |
| Jasper | Wayne | Pike | Schuyler |
| Jefferson | White | Shelby | |
| Jersey | Williamson | | |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
PH: (312) 869-8000
TTY: (312) 869-8001
ENFORCEMENT FAX: (312) 869-8220
STATE & LOCAL FAX: (312) 869-8077
LEGAL FAX: (312) 869-8124

FILE REVIEWS FAX: (312) 869-8220
MEDIATION: (312) 869-8060
HEARINGS FAX: (312) 869-8125

# NOTICE OF DISCLOSURE RIGHTS

Parties to an EEOC charge are entitled to review and obtain copies of documents contained in their investigative file. Requests must be made in writing to **Sylvia Bustos** and either mailed to the address above, faxed to **(312) 869-8220** or sent via email to sylvia.bustos@eeoc.gov (please chose only one method, no duplicate requests). ___Be sure to include your name, address, phone number and EEOC charge number with your request___.

If you are the Charging Party and a RIGHT TO SUE has been issued, you may be granted access to your file:

\*	___Before filing a lawsuit___, but within 90 days of your receipt of the Right to Sue, or

\*	___After your lawsuit has been filed.___  If more than 90 days have elapsed since your receipt of the Right to Sue, include with your request a copy of the entire court complaint (with court stamped docket number) or enough pages to determine whether it was filed based on the EEOC charge.

If you are the ___Respondent___ you may be granted access to the file ___only after___ a lawsuit has been filed. Include with your request a copy of the entire court complaint that includes an official court stamped docket number.

Pursuant to federal statutes, certain documents, such as those which reflect the agency's deliberative process, will not be disclosed to either party.

You must sign an Agreement of Nondisclosure **before** you are granted access to the file, which will be sent to you after receipt of your written request. (Statutes enforced by the EEOC prohibit the agency from making investigative information public.)

The process for access to the file will begin no later than ten (10) days following receipt of your request.

When the file becomes available for review, you will be contacted. You may review the file in our offices and/or request that a copy of the file be sent to you. Files may not be removed from the office.

Your file will be copied by **Aloha Print Group, 60 East Van Buren, Suite 1502, Chicago, IL 60605, (312) 542-1300.**   You are responsible for the copying costs and must sign an agreement to pay these costs before the file will be sent to the copy service. Therefore, __it is recommended that you first review your file__ to determine what documents, if any, you want copied. EEOC will not review your file or provide a count of the pages contained in it. If you choose not to review your file, it will be sent __in its entirety__ to the copy service, __and you will be responsible for the cost.__ Payment must be made directly to **Aloha Print Group,** which charges 15 cents per page.

(Revised 04/20/2016, previous copies obsolete)

# CIVIL SERVICE COMMISSION

## STATE OF ILLINOIS

| | | |
|---|---|---|
| **Peter Obazuaye,** | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. LA- 21-19** |
| **Vs** | ) | **Administrative Law Judge,** |
| **Illinois Department of Human Services,** | ) | **Andrew Barris.** |
| **Respondent.** | ) | |

### Statement of Claim

I began my employment with Respondent on or about November 16, 2005. My current position is Registered Nurse II. During my employment, I was denied a promotion. On or about September 16 and March 3, 2017, I filed a charge of discrimination (IDHR# 21B-2017-00976). Subsequently, Respondent failed to notify me of upcoming layoffs with sufficient time that would have allowed me to apply for two promotions. As a result, I missed out of the opportunities for promotion. The Respondent then transferred me another location in Elgin.

I am being discriminated against in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

The Respondent claimed that the Civil Service Commission has no jurisdiction to rule on my claims. I submit that the Civil Service Commission has the jurisdiction to rule on my claims based on the following sections in the administrative code.

- **Section 1.100 Appeal of Layoff**
- **Section 1.110 Allegations of Personnel Code and Rule Violations**
- **Section 1.120 Appeal of Geographical Transfers**

I will be representing myself in the matter. This statement of claims is sent via email:

**For the Respondent:** **Jessika.ishu@illinois.gov**
**Commissioner:** **andrew.barris@illinois.gov and beckie.daniken@illinois.gov**

This claim is true and correct to the best of my knowledge and belief.

Sincerely,

Peter Obazuaye

May 28, 2019

BEFORE THE CIVIL SERVICE COMMISSION, STATE OF ILLINOIS

PETER OBAZUAYE, )
                              )
               Petitioner, )
                              )
             v.                        )     LA-21-19
                              )
ILLINOIS DEPARTMENT OF HUMAN SERVICES, )
                              )
               Respondent. )

## FINDING AND DECISION OF THE COMMISSION

The undersigned, having read the Proposal for Decision of the Administrative Law Judge dated July 5, 2019 to dismiss the appeal for no jurisdiction and send the issue to the Commission for resolution pursuant to Section 1.240 of the Rules of the Civil Service Commission and the Petitioner's Motion to Amended Complaint and Establish a Prima Facie Case, hereby deny the Petitioner's Motion and affirm and adopt said Proposal and certify it to the Director of the Illinois Department of Central Management Services.

**Finding:** It is hereby determined that the Administrative Law Judge found a question of law, fact, or policy which if resolved by the Commission would materially advance the resolution of the dispute. The Commission finds they have no jurisdiction over this layoff appeal as the Petitioner was not laid off. In accordance therewith, the Administrative Law Judge dismissed the appeal, subject to the approval of the Commission.

**Decision**: The undersigned approve the dismissal of the appeal. This is a final administrative order subject to the Administrative Review Law.

Timothy D. Sickmeyer, Chairman

G.A. Finch, Commissioner

David Luechtefeld, Commissioner

Vivian Robinson, Commissioner

Entered this 18th day
of July 2019

Casey Urlacher, Commissioner

Obazuaye v. DHS, LA-21-19, Page **1** of 2

This decision now constitutes a final administrative decision, which may not be reopened or

further reviewed by this Commission. Decisions of the Commission may only be reviewed under

the provisions of the Administrative Review Law (735 ILCS 5/3-101, et seq.). Commission rules

do not allow or require any motion or request for reconsideration. The following is a list of all

parties of record to the appeal including the name and address of the Commission and the

addresses of each party as known to the Commission where the parties may be served with

pleadings, notices, or service of process for any review or further proceedings.

Addresses of the Parties:

State of Illinois Civil Service Commission
607 E. Adams Street, Suite 801
Springfield, IL 62701

Illinois Department of Human Services
100 S. Grand Avenue East, 3rd Floor
Springfield, IL 62762

Mr. Peter Obazuaye
1433 Victoria Avenue
Berkley, IL 60163

Your request for administrative review must be filed within 35 days from the date a copy of this

decision is served upon you.

Obazuaye v. DHS, LA-21-19, Page **2** of **2**



**Daniel Stralka**
**EXECUTIVE DIRECTOR**

**State of Illinois**
**CIVIL SERVICE COMMISSION**
607 E. Adams Street, Suite 801
Springfield, IL 62701
PHONE (217) 782-7373
FAX (217) 524-3706
TTY (888) 261-2819
www2.illinois.gov/sites/ICSC

**Timothy D. Sickmeyer**
**CHAIRMAN**

**COMMISSIONERS**
G.A. Finch
David Luechtefeld
Vivian Robinson
Casey Urlacher

July 3, 2018

**BY ELECTRONIC MAIL**

Mr. Peter Obazuaye
peterobazuaye@hotmail.com

Ms. Jessika Ishu
Assistant General Counsel
Illinois Dept. of Human Services
jessika.ishu@illinois.gov

> In re:  Peter Obazuaye, Petitioner v. Illinois Department of Human Services, Respondent
> (LA-21-19)

Attached is the Proposal for Decision in the above captioned appeal. On his own motion, the Administrative Law Judge has referred this issue to the Commission for resolution as an interlocutory appeal pursuant to Section 1.240 of the Rules of the Civil Service Commission.

Either side now has an opportunity to respond before the Commission renders a decision on this issue. Your response must be filed by 4:00 p.m. on July 15, 2019 in the office of the Civil Service Commission located at 607 E. Adams Street, Suite 801, Springfield, IL 62701. You may file your response by electronic mail by agreement of the parties. A copy of your response must be sent to all parties.

The Commission intends to render a decision on this matter at its open and public meeting on Thursday, July 18, 2019 by interactive video conference in the Chicago and Springfield offices. You will be notified of that decision shortly thereafter.

Sincerely,

Andrew Barris
Assistant Executive Director

Enclosure

cc:     Central Management Services
        Agency Director



**Daniel Stralka**
**EXECUTIVE DIRECTOR**

**State of Illinois**
**CIVIL SERVICE COMMISSION**
607 East Adams Street, Suite 801
Springfield, IL 62701
PHONE (217) 782-7373
FAX (217) 524-3706
TTY (888) 261-2819
www2.illinois.gov/sites/ICSC

**Timothy D. Sickmeyer**
**CHAIRMAN**

**COMMISSIONERS**
G.A. Finch
David Luechtefeld
Vivian Robinson
Casey Urlacher

<u>**BY ELECTRONIC MAIL**</u>

Mr. Peter Obazuaye
peterobazuaye@hotmail.com

Ms. Jessika Ishu
Assistant General Counsel
Illinois Dept. of Human Services
Jessika.ishu@illinois.gov

      In re:  Peter Obazuaye, Petitioner v. Illinois Department of Human Services (DHS),
             Respondent (LA-21-19)

Dear Mr. Obazuaye and Ms. Ishu:

This is the Proposal for Decision in the above matter.

### FINDINGS OF FACT

1.  The Petitioner was a Registered Nurse II (RN II) at the Illinois Center for Rehabilitation and

    Education – Wood (ICRE-Wood). By letter dated January 11, 2019, the Petitioner was

    informed that he was targeted for layoff on March 15, 2019.

2.  On March 15, 2019, the Petitioner filed a layoff appeal with the Civil Service Commission

    (Commission). In his layoff appeal, the Petitioner stated, "I humbly wish to appeal unjust and

    unlawful lay off against me. I am a certified State of Illinois employee located at ICRE-

    WOOD, Chicago. My current immediate Supervisor is Derrick Phillip. I have worked for

thirteen years with honesty, integrity and truth serving State of Illinois, tax payers and our customers."

3. In sum, the Petitioner alleged the following in his layoff appeal:

   - Allegation #1 – The Respondent violated 20 ILCS 415/8b.13 and 20 ILCS 415/12f because the layoff was in retaliation for the Petitioner filing a complaint with the Department of Human Rights.

   - Allegation #2 – The Respondent violated 20 ILCS 415/8b.13 and 20 ILCS 415/12f because the Petitioner was "denied employee right to grievance hearing for layoff" as well as a "vacant permanent position at employing facility."

   - Allegation #3 – The Respondent violated 20 ILCS 415/13 because "Mr. John Gordon was dishonest, untruthful and give false statement to two investigations on charges file for using his power to prevent employees of national origin from promotion."

   - Allegation #4 – The Respondent violated a DHS "Equal Employment Opportunity/Affirmative Action (EEO/AA) Discrimination and Harassment" policy because "Mr. John Gordon uses his power to hold vacancies positions from current employees of national origin getting promotion and target employees of national origins for lay off."

4. The Petitioner attached the following documents to the layoff appeal:

   - A letter dated January 11, 2019 from DHS Labor Relations informing the Petitioner that his position had been targeted for layoff on March 15, 2019. The letter stated that his position was targeted for layoff pursuant to Article XI of

2

the INA Master Collective Bargaining Agreement (union contract). The letter also outlined the Petitioner's recall rights pursuant to Section 4 of the union contract.

- A CMS Grievance Report and Record form signed by the Petitioner on January 29, 2019 in which he contested his layoff as well the Respondent's denial of his request to move to other positions in lieu of layoff.

- An email from the Petitioner to "Mr. Phillips" in which he requested a permanent vacant position at ICRE-Wood as well as announcing that he would file a grievance and/or contact the Civil Service Commission.

- A notice from the U.S. Equal Employment Opportunity Commission regarding the illegality of workplace retaliation.

- A copy of "Section 2. General Layoff Procedures" from the union contract.

5. On May 10, 2019, the Respondent provided a response to the layoff appeal. The Respondent stated that the Commission was without jurisdiction over this layoff appeal as well as denying any wrongdoing. In sum, the Respondent argued the following:

- The Commission does not have jurisdiction over this layoff appeal because the Petitioner was never laid off. Instead, the Petitioner accepted a lateral reassignment in lieu of layoff from his position at ICRE-Wood to the Elgin Mental Health Center.

- The Respondent denied that the Petitioner was unfairly targeted for layoff. Rather, three RN II positions at ICRE-Wood were eliminated (including the Petitioner's position) and the layoff process was conducted pursuant to the union contract. The Respondent stated, "As such, and because there were no

3

about:blank

available bargaining unit positions to select at ICRE-Wood, Petitioner, as the most senior of the three affected employees, was offered first choice among available lateral positions at other facilities."

- The Respondent did not prevent the Petitioner from pursuing a union grievance. Rather, the union contract (as well as the Rules of the Civil Service Commission) prohibit the Petitioner from filing both a union grievance and an appeal with the Commission. When the Petitioner filed his layoff appeal with the Commission, he waived his rights to the union grievance process and his union grievance was terminated.

- The Respondent denied the Petitioner's allegations regarding discrimination, dishonesty and/or an abuse of power. The Respondent argued that the proposed layoff plan and the Petitioner's lateral reassignment was determined by the union contract. Regarding other claims by the Petitioner as to his ability to get a promotion, the Respondent concluded, "Further, the allegations do not claim to involve positions for which Petitioner would have been eligible, and as such are irrelevant to the current layoff appeal and should be dismissed or disregarded."

6. The Respondent provided several attachments to the response including, but not limited to:

- A CMS Personnel Position Action Form stating that the Petitioner accepted a lateral assignment in lieu of layoff effective March 16, 2019.

- The agency's layoff plan indicating that the layoff of three RN IIs at ICRE-Wood was necessary due to a change in the administrative code which removed the provision of medical services at the facility.

4

- The amendments to the administrative rules published in the Illinois Register in which medical services at ICRE-Wood were removed.

7. On May 29, 2019, the Petitioner filed a rebuttal in which he maintained that the Commission has "the jurisdiction to rule on unjust lay off that affect Certified State Employees" as well as "Jurisdiction to rule of unjust geographical location change." The Petitioner also raised allegations regarding promotions, discrimination, grievances, investigations, fraud, retaliation, and his supervisor acting as a "work place bully."

## CONCLUSIONS OF LAW

1. Section 1.232 of the Rules of the Civil Service Commission sets forth the burden of proof for appeals and states:

   a. The proponent of any matter asserted shall have the burden of proof to establish by a preponderance of the evidence that the matter asserted is more probably true than not true.

   b. When a party has the burden of proof and establishes the matter asserted by the required quantity of evidence, the party has made a prima facie case, and the burden of disproving the matter asserted goes to the opposing party by the same quantity of evidence.

2. Section 1.100 (a) of the Rules of the Civil Service Commission states, in pertinent part, that a layoff appeal shall be filed with the Commission "within 15 calendar days following the effective date of layoff."

3. Section 1.141(a) of the Rules of the Civil Service Commission states, in pertinent part, the "Commission shall give full recognition and effect to provisions of collective bargaining agreements relating to wages, hours and conditions of employment reached under the provisions of the Illinois Public Labor Relations Act [5 ILCS 315]."

4. Section 1.141(b) of the Rules of the Civil Service Commission states, in pertinent part, "Employees whose positions are subject to collective bargaining agreements may appeal

5

disciplinary actions, demotions, layoffs, geographical transfers or rule violations either through the procedure set forth in the agreement or through the Commission, but not both."

5. 20 ILCS 415/10(12) states, in pertinent part, that the Commission shall "hear or conduct investigations as it deems necessary of appeals of layoff filed by employees appointed under Jurisdiction B after examination provided that such appeals are filed within 15 calendar days following the effective date of such layoff and are made on the basis that the provisions of the Personnel Code or of the Rules of the Department of Central Management Services relating to layoff have been violated or have not been complied with."

6. Section 302.596 of the Personnel Rules – Appeal by Employee – states, "Within 15 calendar days following the effective date of such layoff and without prejudice to the right to request voluntary reduction, an employee may make written appeal to the Civil Service Commission contesting such layoff."

7. Simply put, the Commission does not have jurisdiction over this layoff appeal because Petitioner was never laid off. Rather, he accepted a lateral reassignment in lieu of layoff. As such, there was no layoff, nor an effective date of layoff – two prerequisites for the Commission to have jurisdiction over this appeal. Moreover, the evidence indicates that the layoff plan and the Petitioner's lateral reassignment were implemented pursuant to the terms of the union contract. The Commission must give "full recognition and effect" to provisions of a collective bargaining agreement regarding wages, hours and conditions of employment. Despite the Petitioner's desire for the Commission to address a variety of complaints regarding the proposed layoff plan and several other aspects of his employment at DHS, the Commission has no jurisdiction to do so. The jurisdiction of the Commission is limited, and any authority claimed by it must be conferred by statute. *Brown v. Department of Corrections*, 199 Ill.App.3d

6

648, 557 N.E.2d 492 (1990). Even if the Commission wanted to conduct a hearing due to concerns about an employee's workplace allegations, it is without authority to do so in a layoff appeal if the employee was never laid off.

8. While the Commission does not have jurisdiction over this layoff appeal, the Commission *may[1]* have jurisdiction over some of the Petitioner's other allegations should the Petitioner properly file a rule violation appeal pursuant to Section 1.110 of the Rules of the Civil Service Commission. However, based upon the evidence, statements and arguments put forth by the parties, the Petitioner must recognize several aspects of the rule violation appeal process as it relates to the many different complaints he expressed regarding DHS:

- The Commission only has jurisdiction over the Personnel Code or Personnel Rules in a rule violation appeal.

- The Petitioner must cite a specific section of the Personnel Code or Personnel Rules that was allegedly violated and must "set forth with particularity a statement of facts" as to how the specific section of the Personnel Code or Personnel Rules was "violated or not complied with."

- A rule violation appeal "must be filed within 180 days after the date on which the affected person knew, received written notice of, or, through the use of reasonable diligence, should have known of the alleged violation or noncompliance."

---

[1] To be clear, even if the Commission has jurisdiction over any complaints alleged by the Petitioner in a properly plead rule violation appeal, it does not necessarily mean that a violation of the Personnel Code or Rules occurred. Rather, it simply means the Commission has the authority to investigate whether a violation of the Personnel Code or Personnel Rules occurred.

7

- Section 1.141(a) of the Rules of the Civil Service Commission states that the Commission "shall give full recognition and effect to provisions of collective bargaining agreements relating to wages, hours and conditions of employment."

- Section 1.141(b) of the Rules of the Civil Service Commission states that employees whose positions are subject to collective bargaining agreements may appeal "rule violations either through the procedure set forth in the agreement or through the Commission, but not both."

## PROPOSAL FOR DECISION

For the reasons set forth above, the Civil Service Commission is without jurisdiction over this layoff appeal. To materially advance the resolution of the dispute, and upon motion of the Administrative Law Judge, this issue is referred to the Commission for resolution pursuant to Section 1.240 of the Rules of the Civil Service Commission.

Andrew Barris
Administrative Law Judge

Entered this 5th day of

July 2019

8

## CIVIL SERVICE COMMISSION

## STATE OF ILLINOIS

| | |
|---|---|
| **Peter Obazuaye,     Petitioner** | ) |
| | )     **Case No. LA- 21-19** |
| **Vs** | )     **Administrative Law Judge,** |
| **Illinois Department   of Human Services,** | )     **Andrew Barris.** |
| **Respondent.** | ) |

### MOTION TO AMENDED COMPLAINT AND ESTABLISH A PRIMA FACIA CASE.

1. **Peter Obazuaye, Petitioner was layoff from work effective March**

**16- 31, 2019. On January 24, 2019,  I stated in the meeting with labor management and Illinois nurses association after proposed lay off that  I will been affected and I requested a lay off pending when I am able to resolve family hardship lay off would caused me. I was not given any other option but lay off to Elgin mental health center and other Nurses jobs in hiring agency.**

**I was home from March 16 to March 31, 2019 dealing with the hardship that change of work and geographical location  to  Elgin Mental Health center, Elgin caused me and family.  I resumed to Elgin mental Health center on April 1, 2019. Review the document attached 1,2,&3.**

**Section 302.507 Definition of Layoff**
A layoff is the placement of an employee in non-paid and non-working status without prejudice either temporarily or indeterminately. No agency may lay off, either temporarily or indeterminately, an employee as a means or form of discipline.
(Source: Amended at 8 Ill. Reg. 7788, effective May 23, 1984)

**The civil service commission has a jurisdiction to rule on this case because lay off occurred and the petitioner was affected.**

**2. Respondent violated the personnel rule as stated below, the Petitioner (Peter Obazuaye) was given list of contractual jobs in the hiring agency and the List of non contractual job was not given to me.**

**Section 302.540 Effective Date of Layoff**
Merit compensation system/broad-banded employees subject to layoff shall be given 30 days notice of the layoff by the employing agency. A list of all current non-bargaining unit vacancies of all positions within the agency shall be provided to the merit compensation system/broadbanded employee with the notice of layoff. If any bargaining unit vacancy remains after allcontractual obligations are fulfilled, those bargaining unit vacancies may be offered to nonbargainingunit staff to minimize the impact of the layoff. Vacancy for any employee subject tolayoff is defined as the current, funded, vacant position that management has the present intention to fill. Unless extraordinary operating conditions or events are specified in the proposed layoff plan, no indeterminate layoff shall be effective until ten working days after the Director's approval of the layoff plan.

**3. Respondent violated the personnel rule as stated below, I requested to lateral transfer to vacant permanent position in hiring facility/agency, Executive II, Public Administration Service or Residential Care Supervisor. I was denied.**

**Section 302.550 Employee Opportunity to Seek Voluntary Reduction or Lateral Transfer**
A certified employee as defined in Section 302.530 who is subject to indeterminate layoff as a result of the Director's approval of a layoff plan shall be promptly notified 30 days prior to the effective date of layoff, and shall then be advised of the opportunity to request voluntary reduction to a current vacant position in accordance with Section 302.500 or lateral transfer to a current vacant position having the same maximum permissible salary or rate in accordance with Section 302.410 or 302.435 within the agency. An employee seeking voluntary reduction must request the voluntary reduction in writing to the head of the employing agency prior to the proposed effective date of layoff.

**Section 302.560 Order of Preference in Voluntary Reduction or Lateral Transfer**
a) Voluntary Reduction
In the event a certified employee as defined in Section 302.530 requests voluntary reduction as a result of his/her pending indeterminate layoff, the certified employee shall be preferred for any current vacant position in a lower class within the same agency and location in which the employee is then incumbent at the time of the layoff over any probationary or provisional employee, any employee or applicant on an eligible list for the vacant position, any certified employee subject

to layoff having lesser continuous service and any certified employee requesting a reduction who is not subject to layoff.

b) Lateral Transfer
In the event a certified employee requests a lateral transfer as a result of his/her pending indeterminate layoff, the certified employee shall be preferred for any current vacant position whose classification has the same maximum permissible salary or rate within the same agency over any probationary or provisional employee, any employee or applicant on an eligible list for the vacant position, any certified employee subject to layoff having lesser continuous service and any certified employee requesting lateral transfer who is not subject to layoff.
(Source: Amended at 33 Ill. Reg. 16560, effective November 13, 2009)

**4. Respondent violated the personnel rule as stated below, Petitioner was denied promotion from January 02, 2016 to March 15, 2019. Respondent has a policy against any discrimination of employees from promotion.**

**Section 302.790 Prohibition of Discrimination**
a) Discrimination against any person in recruitment, examination, appointment, training, promotion, retention, or any other personnel transaction, because of religion, race, national origin, sex, age, handicap or any other non-merit factor is prohibited except where such may be a bona fide job qualification.
b) Any applicant or employee who feels adversely affected in employment because of such discrimination shall have resort to the grievance procedure hereunder and may be joined in such procedure by the Affirmative Action Director or designee where necessary or appropriate.

**5. Respondent violated the personnel rule as stated below, Petitioner's right to grievance against pending lay off was denied at step two by the Chief Bureau, John Gordon.**

**Section 303.10 Definition of a Grievance**
a) A grievance is any question between an employee and his/her employing agency, or applicant as covered in 80 Ill. Adm. Code 302.790, concerning the meaning, interpretation or application of this Part, or the Personnel Code or any issue concerning them or conditions of state employment which directly affect the grievant in the performance of his/her official duties.)
**Section 303.20 Procedure**
a) Grievances shall be submitted in accordance with the following procedure unless

the Director permits an agency to vary the number or content of the steps therein
prescribed upon the written request of the operating head of an agency and for
good cause shown therein, except that a grievance arising out of interpretation
and/or application of a provision contained within a collective bargaining agreement shall be
heard pursuant to the procedures established therein for the respective bargaining unit.
b) An employee's failure to submit a grievance, or to submit or appeal it to the next
level of this procedure within specified time limits therefor, shall mean that the
employee has withdrawn the grievance or accepted the last answer given in the
grievance procedure if the employee so indicates.
c) Step 1: A grieving employee shall present the grievance orally to the immediate
supervisor explaining its nature and circumstances within 5 scheduled working
days after learning of the circumstances or condition which gave rise to it. The
immediate supervisor shall answer within 5 scheduled working days of its
presentation.
d) Step 2: If the grievance is not satisfactorily resolved or no answer is given within
5 scheduled working days of its presentation, the employee may, within 10 days
of the date the Step 1 answer was due, submit the grievance to the next higher
supervisor by reducing the grievance to writing on a form prescribed by the
Department for such purpose and presenting it to the next higher supervisor or the
person designated to act at this Step. A written answer thereto shall be given
within 5 working days of its receipt by such person.

**Summary of prima facie case. Petitioner was layoff from work effective
March 16 − 31, 2019,   Respondent violated five personnel rules on layoff,
Promotion and Grievances.  The civil service commission has a jurisdiction to
rule on this matter. Petitioner suffered emotional and mental abuse from the
misconduct caused by Respondent.**

**Sincerely,**

**Peter O. Obazuaye,**

**1433 Victoria Avenue,**

**Berkeley, IL. 60163.**

**708-620-9870.**

**Peterobazuaye @hotmail.com.**