UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER O. OBAZUAYE, | |
| Plaintiff, | |
| v. | No. 19 C 04933 |
| STATE OF ILLINOIS, DEPARTMENT OF HUMAN SERVICES, et al., | Judge Mary M. Rowland |
| Defendants. | |

### MEMORANDUM OPINION & ORDER

*Pro se* plaintiff Peter O. Obazuaye filed suit against the Illinois Department of Human Services (IDHS), John Gordon, Elgin Mental Health Center, Diana Hogan, Jeffery Palario, Daisy Juntilla, Michael Palad, and the Illinois Nurses Association based on alleged employment discrimination and unlawful retaliation under Title VII and 42 U.S.C. § 1981. On October 21, 2019, the Court dismissed the individual Defendants as they cannot be sued under Title VII and the Illinois Nurses Association as there were no factual allegations involving that entity. (Dkt. 12; Dkt. 15). Before the Court are Defendant IDHS and Elgin Mental Health Center's motions to dismiss (Dkt. 29; Dkt. 35), and Plaintiff's motion for recusal (Dkt. 38). For the reasons set forth below, Defendants' motions to dismiss are granted, and Plaintiff's motion for recusal is denied. Elgin Mental Health Center is dismissed from this suit with prejudice. Plaintiff's Title VII retaliation claim against IDHS is dismissed without prejudice. Plaintiff may file an amended complaint addressing his Title VII retaliation

claim against IDHS by September 14, 2020. Finally, and for the reasons discussed below, the Court vacates its Order dated October 21, 2019. (Dkt. 12). Plaintiff may amend his complaint to proceed on the appropriate theory against the individual Defendants by September 14, 2020.

## BACKGROUND

Because Plaintiff is proceeding *pro se*, the court construes his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). The facts underlying Mr. Obazuaye's complaint are as follows. Mr. Obazuaye began working as a registered nurse at the Illinois Center for Rehabilitation and Education – Wood in November 2005. (Dkt. 7 at 1). In 2017, Mr. Obazuaye filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"), claiming his employer discriminated against him when he was passed over for a promotion. (*Id.*). In January of 2019, Mr. Obazuaye was notified that he was targeted for a layoff, effective March 15, 2019. (Dkt.1 at 17). He claims his employer did not provide sufficient notice of the layoff, and as a result, Mr. Obazuaye was transferred to another facility in Elgin. (Dkt. 7 at 2). He claims that if he had sufficient notice, he would have been able to apply for two promotions instead of getting transferred to another facility. (*Id.*) Mr. Obazuaye believes that the short notice was a form of retaliation for his earlier discrimination claim. (*Id.*). He further alleges that his employer discriminated against him based on his race, color, and national origin, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (*Id.*). Mr. Obazuaye filed

2

charges with the EEOC on May 6, 2019 (Dkt. 6 at 2). On May 14, 2019, the EEOC issued a right-sue-letter, and Mr. Obazuaye timely filed this lawsuit (*Id.*).

## DISCUSSION

**1) Defendants' Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017), *cert denied sub nom. Ill. Bible Coll. Ass'n v. Cross*, 138 S. Ct. 1021 (2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate...." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

Although *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, a litigant can plead himself out of court by alleging facts that establish an impenetrable defense to his claims. *Finnane v. Pentel of America, Ltd.*, 43 F. Supp.2d 891, 895 (N.D. Ill. 1999); *see also Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) ("A plaintiff can 'plead himself out of court by pleading facts that show he has no legal claim.'"). It is additionally appropriate for the court to

address arguments regarding whether a plaintiff exhausted his administrative remedies in a motion under Rule 12(b)(6) when the plaintiff pleads facts showing that the claim is outside the scope of the charge of discrimination. *See e.g., McQueen v. City of Chi.*, 803 F.Supp.2d 892, 903 (N.D. Ill. 2011).

Defendant IDHS and Elgin Mental Health Center have moved to dismiss on several grounds. IDHS argues: 1) Plaintiff's allegations occurred more than 300 days prior to the filing of charges with the EEOC and are thus untimely; 2) Plaintiff failed to exhaust his discrimination claims as his EEOC charge only lists retaliation; 3) Plaintiff has failed to plead a prima facie case for retaliation; and 4) IDHS is not a proper defendant for § 1981 and § 1983 claims. Elgin Mental Health Center argues: 1) it was not Plaintiff's employer and is thus not a proper defendant for Title VII claims; 2) Elgin Mental Health Center must be dismissed because it was not named in the EEOC charge; and 3) Elgin Mental Health Center, as a facility under a state agency, is not a proper defendant for § 1981 and § 1983 claims.

**a) IDHS**

First, the Court disagrees that Plaintiff's allegations are untimely. Under Title VII, an employee has 300 days from the occurrence of an alleged discriminatory or retaliatory act to file a timely charge with the EEOC or the relevant state agency, here the IDHR. *See Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). The 300-day limitations period starts to run with each discriminatory act, not the point at which the consequences become apparent. *Finnane v. Pentel of America, Ltd.* 43 F.Supp.2d 891, 895 (N.D. Ill. 1999). To the extent a plaintiff attempts to bring

4

claims that fall outside the 300-day period, such claims must be dismissed. *See Stepney*, 392 F.3d at 241; *Finnane*, 43 F.Supp.2d at 898 (dismissing Title VII allegations that occurred outside the 300-day window); *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836-37 (7th Cir. 2008) (same).

Plaintiff filed his charge with the EEOC on May 6, 2019. (Dkt. 29, Ex. B). IDHS correctly states that, in order to be considered timely, the allegations needed to have occurred on or after July 10, 2018. (Dkt. 29, Ex. 1 at 6). However, IDHS incorrectly asserts that all of Plaintiff's allegations occurred between October 2016 and March 2017. (*Id.*). On the contrary, Plaintiff alleges that the retaliation occurred in January 2019, well within the 300-day window. (Dkt. 1 at 17). Plaintiff's discrimination claims, however, which occurred between October 2016 and March 2017, are likely time barred.

The discrimination allegations must be dismissed for another dispositive reason—Plaintiff failed to exhaust his administrative remedies for those claims. Plaintiffs may not bring claims in a lawsuit that were not included in the EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Whether claims are within the scope of the EEOC charge is a question of law. *Moore v. Vital Products, Inc.*, 641 F.3d 253, 257 (7th Cir. 2011). Plaintiff's EEOC charge only lists "retaliation," it does not include discrimination based on national origin, color, or race. (Dkt. 29, Ex. B). Plaintiff's charge states: "During my employment, I was denied promotion. On or about March 3, 2017, I filed a charge of discrimination…Subsequently, Respondent failed to notify me of upcoming layoffs with sufficient time that would have

5

allowed me to apply for two promotions. As a result I was transferred to Respondents [sic] location in Elgin. I believe I am being discriminated against in retaliation for engaging in protected activity in violation of Title VII...." (*Id.*). Plaintiff's charge makes no reference to discrimination based on national origin, color, or race. These claims cannot be maintained in this suit and are dismissed with prejudice.

IDHS next argues that Plaintiff has failed to state a plausible retaliation claim. Specifically, IDHS argues that the length of time between the March 2017 discrimination charge and the transfer in January 2019 is too long to support a reasonable inference of causation. To survive a motion to dismiss in a retaliation case, Plaintiff must allege that he engaged in a statutorily protected activity and was subject to an adverse employment action as a result. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). "An employee engages in a protected activity by either: (1) filing a charge, testifying, assisting or participating in any manner in an investigation, proceeding or hearing under Title VII or other employment statutes; or (2) opposing an unlawful employment practice." *Northington v. H & M Int'l*, 712 F.3d 1062, 1065 (7th Cir. 2013).

At this stage in a proceeding, a plaintiff is not required to present evidence in favor of his retaliation claim. Defendant IDHS cites to several cases to argue that Plaintiff's claim is ripe for dismissal because the temporal gap between the protected activity and the retaliation makes his claim implausible. According to IDHS: "a retaliation claim can indeed be so bare-bones that a lengthy time period between the protected activity and the alleged retaliation will make any causal connection

6

between the two implausible. If the best a plaintiff can do is allege that he engaged in protected activity and then, years later, the employer took an adverse action against him, the claim may not be permitted to proceed." *Carlson*, 758 F.3d at 828; *see also Carmody v. Board of Trustees of Univ. of Illinois*, 747 F.3d 470, 480 (7th Cir. 2014) (unexplained three year gap between employee's protected action and termination made state-law retaliation claim implausible and subject to dismissal; "three years is well beyond the time that would allow a reasonable jury to conclude that his termination was causally related" to the protected activity); *Lalvani v. Cook Cnty., Illinois*, 269 F.3d 785, 790 (7th Cir. 2001) (concluding that a year and a half between employee's action and supposed retaliation made claim implausible under Rule 12(b)(6) and subject to dismissal); *Marijan v. University of Chicago*, No. 17 C 9361, 2018 WL 3463272, at *5 (N.D. Ill. July 18, 2018) (court may consider lengthy time gap at pleading stage, and gap of 19 months between protected activity and termination made complaint implausible and thus subject to dismissal under Rule 12(b)(6)); *Ghiles v. City of Chicago Heights*, No. 12 C 7634, 2016 WL 561897, at *2 (N.D. Ill. Feb. 12, 2016) (dismissing a retaliation claim because an unexplained six month delay between the protected activity and retaliation was "too remote" to link the two events and establish causation).

Here, Plaintiff alleges that he engaged in a protected activity in March 2017, when he filed his charge of discrimination with IDHR, and then was subsequently transferred to a different facility in January 2019. This almost two-year gap between the protected activity and the alleged transfer standing alone makes Plaintiff's claim

7

of retaliation implausible; it is "well beyond the time that would allow a reasonable jury to conclude that his termination was causally related" to his earlier discrimination charge. *Carmody*, 747 F.3d at 480. However, in the cases cited by Defendants such as *Marijan* and *Ghiles*, the retaliation claims were dismissed without prejudice and with leave to amend. This Court shall do the same. Plaintiff's Title VII retaliation claim against IDHS is dismissed without prejudice. Plaintiff is granted leave to amend his complaint by September 14, 2020 to add allegations regarding his retaliation claim.

### b) Elgin Mental Health Center

The Title VII claim must be dismissed against Elgin Mental Health Center. First, Plaintiff's EEOC charge only names IDHS. (Dkt. 429, Ex. B). Elgin Mental Health Center is not identified on the charge. (*Id*.). Generally, a party not named in an EEOC charge may not be sued for employment discrimination. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 666-67 (7th Cir. 2013). Such is the case here. Plaintiff cannot maintain Title VII claims against this Defendant. Second, even if Plaintiff had named Elgin Mental Health Center in his EEOC charge, Elgin Mental Health Center argues that it is not Plaintiff's employer and therefore cannot be liable for any employment discrimination claims under Title VII. Plaintiff failed to respond to this argument in his response brief, instead citing to cases regarding piercing the corporate veil. (Dkt. 37 at 12-13). Indeed, the only employer identified is the Illinois Center for Rehabilitation and Education – Wood. No other employers are identified, and Plaintiff's repeated attempts at amending his complaint have failed to correct this

8

deficiency. There is no indication that Egin Mental Center was Plaintiff's employer. Elgin Mental Health Center is dismissed from this suit with prejudice.

### c) 42 U.S.C § 1981 Claims

What remains are Plaintiff's § 1981 claim. However, neither IDHS (a state agency) nor Elgin Mental Health Center (a facility operated by IDHS) may be sued under § 1981 because they are not "persons" and are thus not proper defendants. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Small v. Chao*, 389 F.3d 894, 898 (7th Cir. 2005); *Nasserizafar v. Indiana Dep't of Transp.*, 546 F.App'x 572, 574 (7th Cir. 2013) (affirming without analysis the district court's dismissal of § 1981 claim against the Indiana Department of Transportation because it is not a person subject to suit under § 1981). Section 1981 claims are additionally barred by the Eleventh Amendment. *See Spain v. Elgin Mental Health Ctr.*, Np. 10 C 1065, 2011 WL 1485285, at *4 (N.D. Ill. Apr. 18, 2011) ("IDHS is entitled to dismissal both because it is not a "person" amendable to suit under §§ 1981 and 1983 claims, and because the Eleventh Amendment grants it sovereign immunity.").[1] Accordingly, Plaintiff's §1981 claim against IDHS and Elgin Mental Health Center is dismissed with prejudice.

### d) Individual Defendants

In an order dated October 21, 2019, the Court dismissed the individual defendants from the suit, noting that the individuals may not be sued under Title VII. (Dkt. 12 at 2). That is true. But the Court erred in dismissing the individual defendants

---

[1] Plaintiff seeks to add § 1983 claims in an amended complaint; however, § 1983 claims cannot be brought against IDHS and Elgin Mental Health Center for the same reasons.

from the suit. The Court hereby vacates its decision of October 21. 2019, *sua sponte*. Plaintiff is given until September 14, 2020 to amend his complaint regarding the must serve the individual defendants.

Although Plaintiff may not proceed against the individuals under Title VII, he may be able to proceed under § 1983 and § 1981. *Carer v. LaSalle County*, 243 F.3d 379, 381 (7th Cir. 2001) (individuals cannot be held liable under Title VII). Section 1981 provides for individual liability for discrimination and retaliation claims. *See Smith v. Bray*, 681 F.3d 888, 895 (7th Cir. 2012) ("The Supreme Court has held that § 1981 authorizes claims for retaliation") (citing *CBOS West Inc. v. Humphries*, 553 U.S. 442 445, 128 S.Ct. 1951, 170 L.Ed. 2d 864 (2008)).

**2) Plaintiff's Motion for Recusal**

Plaintiff titled his motion for recusal, "motion for Judge Mary Rowland to recuse herself for bias and prejudice and judicial conflict." (Dkt. 38). However, the only basis identified in the motion is that the Court did not allow Plaintiff to amend his complaint against the individual defendants and that he would like to add additional § 1983 claims. There are no allegations of bias or prejudice or conflict in the body of the motion.

Section 455(a) "requires a federal judge to 'disqualify himself in any proceeding in which his impartiality might be questioned.'" *Liteky v. United States*, 510 U.S. 540, 541, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (quoting 28 U.S.C. § 455(a)). "In evaluating whether a judge's impartiality might reasonably be questioned, [the] inquiry is 'from the perspective of a *reasonable* observer who is *informed of all the surrounding*

*facts and circumstances.'" In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (emphasis in original). Section 455(b)(1) requires a federal judge to disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). In order to constitute a basis for recusal, the judge must "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009). A judge should not grant a motion for recusal without sufficient justification to warrant such a drastic step. *See Franklin v. McCaughtry*, 398 F.3d 955, 959 (7th Cir. 2005).

Construing Plaintiff's motion for recusal liberally, Plaintiff has not provided sufficient justifications to warrant recusal. Plaintiff has identified no instances of bias, prejudice, or conflict. Furthermore, "[a]dverse rulings do not provide a basis for recusal," *Henry v. United States*, No. 07 C 4814, 2007 WL 3171306, at \*2 (N.D. Ill. Oct. 25, 2007), and that is all Plaintiff has identified in this case.

Additionally, the Court is granting leave for Plaintiff to amend his complaint regarding his Title VII retaliation claim against IDHS and his § 1981 claim against the individual Defendants. The Court has accordingly addressed Plaintiff's grievance. Plaintiff's motion for recusal is denied. (Dkt. 38).

## **CONCLUSION**

For the reasons stated above, Defendants' motions to dismiss (Dkt. 29; Dkt. 35) are granted. Defendant Elgin Mental Health Center is dismissed from the suit with prejudice. Plaintiff's Title VII retaliation claim against IDHS is dismissed without

11

prejudice. Plaintiff has until September 14, 2020 to amend that claim. Additionally, the Court vacates its order dated October 21, 2019 (Dkt. 12). Plaintiff may amend his complaint regarding the individual defendants by September 14, 2020. Plaintiff's motion for recusal (Dkt. 38) is denied.

E N T E R:

Dated: August 13, 2020

MARY M. ROWLAND

United States District Judge

12