IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 11 2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PETER O. OBAZUAYE

VS

DEPARTMENT OF HUMAN SERVICES IN IT'S
INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY
JOHN GORDON IN HIS INDIVIDUAL CAPACITY & OFFICIAL CAPACITY; DIANA HOGAN IN
HER INDIVIDUAL CAPACITY & OFFICIAL CAPACITY; JEFFREY PILATIO IN HIS INDIVIDUAL
CAPACITY &
OFFICIAL CAPACITY; MICHAEL PALAD IN HIS INDIVIDUAL CAPACITY & OFFICIAL
CAPACITY; DAISY JUNTILLA IN HER INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY .

CIVILNO: 19-CV- 04933
JUDGE MARY ROWLAND

AMENDED COMPLAINT
TITLE VII OF THE 1964 CIVIL RIGHTS ACT
WORKER DISCRIMINATION, RACIAL    DISCRIMINATION UNDER 42 U. S.C ss 1983 & 1985

COMES NOW, PETER O. OBAZUAYE in his own proper persona sui juris and brings the following: AMENDED COMPLAINT , TITLE VII OF THE 1964 CIVIL RIGHTS ACT;WORKER DISCRIMINATION, RACIAL DISCRIMINATION UNDER 42 U.S.C ss 1983 & 1985

JURISDICTION

JURISDICTION is invested in this court pursuant to 28 U.S.C ss 1331; 28 U. S. C ss 1343

VENUE

VENUE is invested in this court pursuant to 28 U.S.C 1391 (b)

STATEMENT OF FACTS

THE plaintiff is a registered nurse and licensed with the state of Illinois and has been practicing nursing for 15 years throughout Cook County Jail, Illinois Juvenile Facility IYC St.Charles and other agencies.

The plaintiff was employed at the Illinois center for Rehabilitation and Education- Wood in November 2005 see (docket . 7 at 1)

Plaintiff states in November 2017 the plaintiff ("Obazuaye ") filed charges with the EEOC for discrimination bringing claims against several individuals who are employees and cloth under the color of state law pursuant to ss 1983, John Gordon , Diana Hogan, Jeffery Palario, Daisey Juntilla and Michael Palad who are supervisors.

The plaintiff states these individuals are mention in this suit because they are the cause of the discrimination because these individuals enacted the policies, procedures, rules and regulations that are in violation of due process and Equal Protection Clause.

The Illinois Department of Human Services has policies, rules, regulations that are void, vague and ambiguous and invite arbitrary enforcement to the African and African- American employees.

The plaintiff states he was employed by the Illinois Department of Human Services at a Rehab for the hearing impaired and the facility was about to close down. The Illinois Department of Human Services had a job posting for a Supervisor, and the plaintiff had the training, and the job skill set.

The plaintiff applied for the job, and was never called by the administration for an interview or to tell the plaintiff why he was not hired for the position. However, the plaintiff found out that someone else was hired and the plaintiff addressed the issues to the administration. He was informed he didn't get the position, because he wasn't American and he did not speak english clearly.

The Illinois Department of Human Service is a local Government institution, and it is governed under the Illinois Constitution and the United States Constitution. The employers have a responsibility and a duty not to discriminate against its employees under Title IIV of the civil rights act of 1964.

The plaintiff was transferred to ELGIN MENTAL HEALTH CENTER as a punishment and treated unfairly the first day he got there by staff members because the DHS administration ostracized the plaintiff as a trouble maker.

The plaintiff states "everything a person black does is overly reviewed by a caucasian person making the nurses feel like they don't know their jobs".

Nurses don't do STA jobs but are forced to give patients showers and do room checks when this is considered to be a STA job .

When a black nurse complains about this to the administration. In-turn, the administrators will write them up and penalize them by giving them days off without pay.

The plaintiffs states MONELL VS NEW YORK SOCIAL SERVICE allows a plaintiff to bring a Monell claim against a state actor to challenge there policies, procedures, rules and regulations. In this case plaintiff is challenging their policies because AFRICAN AND AFRICAN AMERICANS are denied due process and Equal protection of the law in administrative hearing and there is no way to prove these violations because these proceedings are not audio or videoed, nor is there any Audio.

Plaintiff states " he is being discriminated against because he sought to apply for a position in the administration capacity and the administration did not want an African or African American in an administration capacity" .

The Illinois Department of Human Services was placed on notice about me applying for an administrator position within the nursing capacity due to my education and experience in the medical field. I was qualified for the position but my corrective action was to be sent to Elgin and for ("Elgin") to punish me for my striving to get an administration position in the ("ILLINOIS DEPARTMENT OF HUMAN SERVICE") .

The plaintiff states this isn't his first civil suit brought against the above entity and administrators.

        WHEREFORE

Plaintiff seeks punitive damages in the amount of 50 thousand dollars

Plaintiff seeks compensatory damages in the amount of 50 thousand dollars

Plaintiff seeks injunction relief for the Illinois department of human services to bring their administrative policies up to constitutional standards and start to protect African and African American civil rights through recording the hearing when they are written up and punished.

Plaintiff seeks any other relief this court deems just and fair.

Plaintiff seeks the court to appoint him counsel under the trial bar obligation.

        RESPECTFULLY SUBMITTED

        *[signature]*

        9-11-2020