UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER O. OBAZUAYE, **Plaintiff,** v. STATE OF ILLINOIS, DEPARTMENT OF HUMAN SERVICES, et al., **Defendants.** | No. 19-cv-04933 Judge Mary M. Rowland |

# MEMORANDUM OPINION & ORDER

*Pro se* plaintiff Peter O. Obazuaye has filed suit against the Illinois Department of Human Services (IDHS), John Gordon, Diana Hogan, Jeffery Pilatio, Daisy Juntila, and Michael Palad (collectively, Individual Defendants), based on alleged employment discrimination and unlawful retaliation under Title VII, 42 U.S.C. §§ 1981 and 1985.[1] (Dkt. 57). Before the Court is Plaintiff's Amended Complaint (Dkt. 57).[2] Defendants have moved to dismiss the amended complaint. (Dkt. 75). For the reasons set forth below, Defendants' motion to dismiss is granted.

# BACKGROUND

Because Plaintiff is proceeding *pro se*, the court construes his filings liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per

---

[1] The Court previously dismissed Elgin Mental Health Center (Dkt. 50 at 8-9), and the Illinois Nurse's Association (Dkt. 12).

[2] This is the fifth complaint Plaintiff has filed in this matter. (Dkts. 1, 6-7, 14, 51 & 57).

curiam). The facts underlying Mr. Obazuaye's amended complaint are as follows. Mr. Obazuaye began working as a registered nurse at the Illinois Center for Rehabilitation and Education – Wood in November 2005. (Dkt. 57 at 2). In November 2017, Obazuaye filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) alleging discrimination by the individual defendants because "they are supervisors and enact the policies, procedures, rules and regulations" that violate Obazuaye's due process and Equal Protection rights. *Id*. He asserts that his employer discriminated against him when he applied for a position as Supervisor and was never interviewed for the position. He learned later he did not receive the position because "he wasn't American and did not speak English clearly."[3] *Id*. Obazuaye was transferred to another facility, Elgin Mental Health Center, as "punishment" for "striving to get an administration position" in the IDHS. (*Id.* at 3). In addition to the retaliation, he alleges that his employer discriminated against him based on his race and national origin, in violation of Title VII of the Civil Rights Act of 1964 and pursuant to 42 U.S.C. §§ 1983 and 1985 and pursuant to *Monell*. (*Id*.).

Obazuaye filed a charge with the EEOC on May 6, 2019 alleging retaliation. (Dkt. 6 at 2). On May 14, 2019, the EEOC issued a right-sue-letter, and Mr. Obazuaye timely filed this lawsuit (*Id.*).

---

[3] This appears to contradict allegations in a prior complaint where Mr. Obazuaye claimed that he was denied sufficient notice of a layoff and had he been given notice of the layoff, he would have been able to apply for two promotions instead of getting transferred to another facility. (Dkt. 7 at 2). In the prior version of the complaint, Mr. Obazuaye alleged that the short notice was a form of retaliation for his 2017 discrimination claim. (*Id.*).

**DISCUSSION**

1.  **Standard of review**

Under Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Ill. Bible Coll. Ass'n v. Anderson*, 870 F.3d 631, 636 (7th Cir. 2017), *as amended* (Oct. 5, 2017), *cert denied sub nom. Ill. Bible Coll. Ass'n v. Cross*, 138 S. Ct. 1021 (2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss, she still must provide more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate…." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

Although *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, a litigant can plead himself out of court by alleging facts that establish an impenetrable defense to his claims. *Finnane v. Pentel of America, Ltd.*, 43 F. Supp.2d 891, 897 (N.D. Ill. 1999); *see also Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) ("A plaintiff can 'plead himself out of court by pleading facts that show he has no legal claim.'"). It is additionally appropriate for the court to address arguments regarding whether a plaintiff exhausted his administrative remedies in a motion under Rule 12(b)(6) when the plaintiff pleads facts showing that the claim is

3

outside the scope of the charge of discrimination. *See e.g., McQueen v. City of Chi.*, 803 F.Supp.2d 892, 903 (N.D. Ill. 2011). Defendants have moved to dismiss on several grounds. The Court will address them in turn.

**2.   Title VII and Section 1983 claims against IDHS**

Plaintiff's original complaint (Dkt. 6) brought allegations against the IDHS based on 42 U.S.C. § 1981 and Title VII. The Court dismissed the § 1981 claims, *with prejudice,* because IDHS is not a "person" for purposes of § 1981. *See* Dkt. 50 at 9 ("IDHS (a state agency) … may [not] be sued under § 1981 because [it is] not [a] 'person[]' and [is] thus not [a] proper defendant[].") (citations omitted). The Court noted that "§ 1983 claims cannot be brought against IDHS … for the same reasons." (*Id.* at n. 1).

Despite that discussion, Plaintiff's amended complaint asserts a § 1983 claim against IDHS. Plaintiff does not respond to IDHS's argument that it is not a proper party for purposes of a § 1983 claim. (Dkt. 79 & 84). *See Spain v. Elgin Mental Health Ctr.*, 2011 WL 1485285, at *4 (N.D. Ill. Apr. 18, 2011) ("IDHS is entitled to dismissal both because it is not a 'person' amendable to suit under §§ 1981 and 1983 claims, and because the Eleventh Amendment grants it sovereign immunity."). Plaintiff's claim arising under § 1983 against IDHS is dismissed with prejudice.

As to Title VII, the Court previously dismissed, with prejudice, *discrimination* claims against IDHS based on race, color or national origin because Plaintiff failed to exhaust his administrative remedies for those claims. (Dkt. 50 at 5-6). A plaintiff may not bring claims in a lawsuit that were not included in the EEOC charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Plaintiff's EEOC charge only lists

4

retaliation, not discrimination based on national origin, color, or race. (Dkt. 29, Ex. B). *See also* Dkt. 50 at 5-6. Because Plaintiff's EEOC charge makes no reference to discrimination based on national origin, color, or race, these claims were previously dismissed with prejudice.

The Court dismissed Obazuaye's retaliation claim *without* prejudice, allowing him to amend it finding he had properly exhausted it. However, IDHS argued that the length of time between Plaintiff filing his EEOC charge in March 2017 and the alleged retaliatory transfer to Elgin in January 2019 was too long to support a reasonable inference of causation. In the Court's previous Order, it spelled out the law regarding retaliation and the fact that "the almost two-year gap between the protected activity and the alleged transfer standing alone makes Plaintiff's claim of retaliation implausible."[4] (Dkt. 50 at 7).

The Court dismissed the claim without prejudice and allowed Plaintiff to amend. Plaintiff has not added any allegations that state a valid retaliation claim. In addition to asserting unequal treatment based on race (administrators write up black nurses who complain; black staff are "overly reviewed" by a Caucasian person), he asserts: (1) he is being discriminated against because he applied for an administrative position and the "administration did not want an African or African American in an

---

[4] The Court cited several cases supporting this principal including *Lalvani v. Cook Cnty., Illinois*, 269 F.3d 785, 790 (7th Cir. 2001) (concluding that a year and a half between employee's action and supposed retaliation made claim implausible under Rule 12(b)(6) and subject to dismissal); *Marijan v. University of Chicago*, No. 17 C 9361, 2018 WL 3463272, at *5 (N.D. Ill. July 18, 2018) (court may consider lengthy time gap at pleading stage, and gap of 19 months between protected activity and termination made complaint implausible and thus subject to dismissal under Rule 12(b)(6)); and *Ghiles v. City of Chicago Heights*, No. 12 C 7634, 2016 WL 561897, at *2 (N.D. Ill. Feb. 12, 2016) (dismissing a retaliation claim because an unexplained six month delay between the protected activity and retaliation was "too remote" to link the two events and establish causation) (Dkt. 50 at 7).

5

administration capacity"; (2) he was transferred to Elgin as a punishment and treated unfairly "the first day he got there"; and (3) he was sent to Elgin because he applied for an administrative position in IDHS. His amended complaint asserts that his transfer to Elgin, instead of being in retaliation for protected activity, was to punish him for applying for an administrative job. This fails to state a claim of retaliation.

Plaintiff's Title VII claims against IDHS based on discrimination and retaliation are dismissed with prejudice.

### 3. Individual Defendants

In an order dated October 21, 2019, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (allowing for initial review of *pro se* complaints) and, because individuals may not be sued under Title VII, dismissed the Individual Defendants with prejudice.[5] (Dkt. 12 at 2). However, acknowledging that individuals can be sued under other relevant statutes (e.g., § 1983 and § 1981), the Court vacated its decision *sua sponte* on August 13, 2020. (Dkt. 50 at 10). The Court allowed Plaintiff until September 14, 2020 to amend his complaint regarding the individual defendants.

In his Amended Complaint, Plaintiff alleges that the Individual Defendants are employees who are the cause of the discrimination because "they enacted the policies, procedures, rules" that violate due process and the Equal Protection Clause." (Dkt. 57 at 2). He does not allege any actual actions that any of the individual Defendants

---

[5] While Plaintiff's form complaint checked boxes for claims other that Title VII, his "Statement" alleged only violation of Title VII and the Illinois Hate Crime Statute. (Dkts. 6 & 7).

6

took. Because he has failed to allege that Gordan, Hogan, Pilario, Palad or Junitila took any actions, his claims against these Defendants fail.

With respect to § 1983, it is well-established that a plaintiff must assert personal involvement by a defendant. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *Brooks v. Ross*, 578 F.3d 574, 580-82 (7th Cir. 2009). Plaintiff does not allege that any one of these Defendants was responsible for transferring him or denying him a promotion or discriminating against him in any way. Plaintiff has not alleged personal involvement on the part of any of the Individual Defendants and any claims based on § 1983 are dismissed.

To establish a claim under § 1985, a plaintiff must allege: "(1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of equal protection of the laws; (3) an act in furtherance of the alleged conspiracy; and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." 42 U.S.C. § 1985(3); *see Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002). Plaintiff fares no better here. Plaintiff's Amended Complaint does not contain any allegations that any of the Individual Defendants made an agreement or committed any act to further such an agreement. And there is no information in the amended complaint that the Individual Defendants made an agreement to violate Plaintiff's constitutional rights. The amended complaint is devoid of any allegations that the Individual

Defendants took any actions at all. Any claim based on a conspiracy under § 1985 is dismissed.[6]

As Plaintiff has had ample opportunities to state a claim against these Individual Defendants, these claims are dismissed with prejudice.

### 4. *Monell* is not available in this case

Plaintiff cites *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) in the body of his amended complaint. (Dkt. 57 at 3). *Monell* claims arise from unconstitutional policies but that liability is limited to municipalities, "and not states or states' departments." *Joseph v. Board of Regents Univ. of Wisc. Sys.,* 432 F.3d 746, 748-49 (7th Cir. 2005); *see also Hudson v. Foxx*, No. 18-CV-08243, 2021 WL 1222871, at *4 (N.D. Ill. Mar. 31, 2021).

Plaintiff's citation to *Monell* cannot give rise to a cause of action against the Individual Defendants or against the IDHS. Any *Monell* claim is dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss [75] is granted. Plaintiff's motion for status update [87] is denied as moot.

Case dismissed with prejudice. Judgment to enter in favor of Defendants, the Illinois Department of Human Services, John Gordon, Diana Hogan, Jeffery Pilatio,

---

[6] For these same reasons any claim against IDHS alleging a conspiracy pursuant to § 1985 is dismissed with prejudice. The amended complaint contains no allegations that any employee of IDHS made an agreement to violate Plaintiff's rights or took an overt act in furtherance of such an agreement.

8

Daisy Juntila, Michael Palad, Elgin Mental Health Center, and the Illinois Nurse's Association and against Plaintiff Peter Obazuaye. Civil case terminated.

E N T E R:

Dated: August 2, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge